IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | CIVIL ACTION NUMBER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| NU-WAY WEINERS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to the Charging Parties, Gloria Gooden ("Gooden") and Tolera Peek ("Peek"), who were adversely affected by such practices. The Plaintiff alleges that while employed with the Defendant, Gooden and Peek were repeatedly subjected to a sexually hostile work environment by Defendant's female General Manager and that the Defendant failed to take effective remedial action to end the harassment. Moreover, after complaining about the harassment to Defendant Nu-

Way Weiners, Inc., the Defendant terminated Gooden and Peek's employment in retaliation for engaging in protected activity in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Nu-Way (or "Defendant") has continuously been a corporation doing business in the State of Georgia and the city of Macon, and has

2

continuously had at least 15 employees.

5.   At all relevant times, Nu-Way has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than 30 days prior to the institution of this lawsuit, the Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

### Gloria Gooden

7.   Since at least the summer of 2009, Defendant engaged in unlawful employment practices, in violation of Section 703(a) and Section 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000-3(a), by subjecting Gooden to:

   (a)   repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment; and

   (b)   by discharging Gooden from her employment in retaliation for complaining about unlawful sexual harassment.

8.   Beginning in 2009, Gooden began reporting to Defendant's General Manager, Charlene Davis ("Davis"), a female. Soon after Davis became her

supervisor, she began to touch Gooden in a sexually inappropriate manner.

9. Throughout the summer of 2009 and in the beginning of 2010, Davis repeatedly, and without consent, touched Gooden on inappropriate parts of her body.

10. Davis often used sexually explicit language in the workplace including the word "p*ssy" to describe her and other female employees' body parts.

11. In April 2010, Gooden witnessed Davis pull a female co-worker's pants down in the workplace, without her consent.

12. Gooden also witnessed Davis frequently solicit female employees to accompany her to a gay club.

13. Gooden, too, was frequently solicited by Davis to go to a gay club. However, Gooden refused.

14. Gooden frequently opposed the unlawful conduct referenced above by requesting that Davis stop engaging in such behavior.

15. Gooden witnessed Davis grope the breasts of a former female employee in the kitchen area. When the employee complained of sexual harassment, Davis immediately terminated her.

16. Davis made it clear to Gooden that if any employee complained of

4

sexual harassment, they would be terminated.

17. In retaliation for opposing such unlawful harassment, Davis terminated Gooden's employment on April 24, 2009.

### Tolera Peek

18. Since at least January 2010, Defendant engaged in unlawful employment practices, in violation of Section 703(a) and Section 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000-3(a), by subjecting Peek to the following:

    (a) repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment;

    (b) unlawful reprisal in response to Peek's refusal to submit to Davis' sexual advances; and

    (c) discharging Peek from her employment in retaliation for complaining about unlawful sexual harassment.

19. In January 2010, Davis, who also harassed Gooden, grabbed Peek by the bra and pulled her into the manager's office. Davis, in a threatening and hostile manner, physically assaulted Peek based on her sex, female.

20. Peek repeatedly asked Davis to stop and demanded to be released, but Davis refused to stop her physical assault.

21. In February 2010, Peek was working at the drive-thru window when Davis approached her from behind and touched her in an inappropriate and unwelcome manner based on her sex, female. The conduct was shocking, humiliating and embarrassing to Peek, and she requested Davis not to touch her.

22. Davis also invited Peek to a gay night club nearly every weekend. However, Peek always declined.

23. In February 2010, after Peek continued to decline Davis' invitations, Davis cut Peek's work hours because of her refusal to submit to Davis' demands.

24. Davis made sexually explicit and vulgar comments to Peek several times per week. The comments included numerous references to Davis' "p*ssy."

25. Despite Peek's repeated protests, Davis did not stop her inappropriate conduct.

26. On March 12, 2010, Peek complained to James Cacavias, Defendant's Owner about, inter alia, Davis' sexually harassing behavior.

27. Peek returned to work the following day on March 13, 2010 and was immediately terminated by Davis. When she arrived, there was a message on a dry erase board addressed to her which read "clock out now, get out now, sorry, so long, see you."

28. Peek's termination was in retaliation for opposing the unlawful sexual

6

harassment perpetrated by her supervisor, Davis.

29.   The effects of the practices complained of in paragraphs 7-28 above have been to deprive the Charging Parties of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

30.   The unlawful employment practices complained of in paragraph 7-28 above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of the Charging Parties.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against employees and engaging in any other employment practice which discriminates on the basis of sex.

B.   Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which retaliate against employees who engage in protected activity.

C.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and

which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant to make whole the Charging Parties, who were adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.    Order Defendant to make whole the Charging Parties by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F.    Order Defendant to make whole the Charging Parties by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

G.    Order Defendant to pay to the Charging Parties punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper.

I.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

September 22, 2011
Date

s/ Robert K. Dawkins
ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No. 076206

OTTRELL FERRELL EDWARDS
Supervisory Trial Attorney
Georgia Bar No. 141979

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905