IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>TOLERA PEEK and GLORIA GOODEN,<br><br>    Plaintiffs-Intervenors,<br><br>    v.<br><br>NU-WAY WEINERS, INC., and CHARLENE DAVIS, Individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:11-CV-384 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Proposed Plaintiff-Intervenors Tolera Peek and Gloria Gooden's Rule 24(a)(1) Motion to Intervene and Join Indispensable Parties. (Doc. 5). Nu-Way does not oppose the motion.

Federal Rule of Civil Procedure 24(a)(1) requires a court to permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute and (2) files a timely motion. Fed. R. Civ. P. 24(a)(1). Title VII confers to aggrieved persons an unconditional right to intervene in civil lawsuits brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1). Because the motion was timely filed and does not pose any potential for delay or prejudice to the rights of existing parties, Peek and Gooden's Motion to Intervene is **granted**. Peek and Gooden's Complaint (Doc. 5-2), attached as "Exhibit A" to their motion, is deemed filed the date of entry of this Order.

Peek and Gooden also seek to join Charlene Davis as a Defendant in this action. No party objects to Davis being joined as a Defendant. Because Peek and Gooden's claims against both Nu-Way and Davis arise out of the same series of transactions and occurrences and involve common questions of law and fact, the Court finds that Davis may be joined in her individual capacity as a Defendant. Fed. R. Civ. P. 20(a)(2). Peek and Gooden may proceed to effect service on this new Defendant.

**SO ORDERED,** this 9th day of April, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
